UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | Case No. 4:17-cr-00289-DCN |
| Plaintiff, | |
| v. | **MEMORANDUM DECISION AND ORDER** |
| TAMMY SUE HAYES, | |
| Defendant. | |

## I. INTRODUCTION

Pending before the Court is Defendant Tammy Sue Hayes' Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. 183. The Government has filed an opposition to Hayes' Motion. Dkt. 185. Hayes did not reply. The matter is ripe for the Court's consideration.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court DENIES the Motion.

## II. BACKGROUND

Officers arrested Hayes on October 5, 2017, in the course of a substantial methamphetamine distribution investigation. Dkt. 151. At the time of the arrest, a co-conspirator was driving Hayes' vehicle while she rode as a passenger. *Id.* The officers seized 315 grams of methamphetamine, 12 grams of heroin, and $7,033. *Id.* Later that day, Hayes admitted to distributing methamphetamine and also told investigators that she had approximately one pound of methamphetamine and $10,000 in her suitcase in a hotel room. *Id.* A search of that hotel room yielded 399 grams of methamphetamine, drug paraphernalia, and $10,000. *Id.* Prior to the instant offense, Hayes had been arrested for possession of a controlled substance in 2003, 2004, 2006, and 2016. *Id.*

Hayes pled guilty to conspiracy to distribute a controlled substance and the Court sentenced her to 87 months' imprisonment followed by five years of supervised release. Dkt. 163. Hayes is currently serving her sentence at Federal Correctional Institution Dublin ("FCI Dublin") in California. Dkt. 185. Her projected release date is June 28, 2025. *Id.* Hayes submitted a request for Compassionate Release with the Warden of FCI Dublin on December 4, 2020, and her request was denied on December, 18, 2021. Dkt 183. She filed the present motion on March 22, 2021. *Id.* Importantly, Hayes has received both does of the Pfizer COVID-19 vaccine. Dkt. 185-1.

## III. LEGAL STANDARD

Hayes seeks compassionate release under the First Step Act ("FSA"), newly amended 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under

certain circumstances.[1] In order to grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission.[2] *Id*. If the latter criteria are met, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

## IV. DISCUSSION

**A. Exhaustion of Administrative Remedies**

The FSA allows a motion for modification to be made by either the Director of the BOP, or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). In addition, "[e]xhaustion occurs when the BOP

---

[1] "Prior to the passage of the FSA, only the Director of the Bureau of Prisons . . . could file a motion for compassionate release, and that very rarely happened." *United States v. Shields*, 2019 WL 2359231, at *1 (N.D. Cal. June 4, 2019) (quoting *United States v. Gutierrez*, 2019 WL 1472320, at *1 (D.N.M. Apr. 3, 2019). The FSA amended 18 U.S.C. § 3582(c)(1)(A) to permit modification of a term of imprisonment upon motion of the Director of the BOP or upon motion of the defendant after the defendant has exhausted his/her administrative rights. FSA, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

[2] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *Rodriguez*, 424 F. Supp. 3d at 681 (citing 18 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

denies a defendant's [motion for compassionate release]." *United States v. Mondaca*, No. 89-cr-0655 DMS, 2020 WL 1029024, at *2 (S.D. Cal. March 3, 2020).

Hayes submitted a request for Compassionate Release with the Warden on December 4, 2020, and her request was denied on December, 18, 2021. Dkt 183. Because Hayes filed her present motion after her request to the Warden was denied, the Court finds that she has exhausted her administrative remedies.

**B. Extraordinary and Compelling Reasons**

Having determined that Hayes has exhausted her administrative remedies, the Court must next consider whether "extraordinary and compelling reasons" warrant a permanent reduction in her sentence, and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Hayes bears the burden of establishing that compelling and extraordinary reasons exist to justify compassionate release. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. Apr. 6, 2020).

Before passage of the FSA, the Sentencing Commission limited "extraordinary and compelling reasons" to four scenarios: (A) medical conditions of the defendant; (B) age of the defendant; (C) certain family circumstances; and (D) as determined by the Director of the BOP, other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories. U.S.S.G. § 1B1.13 Application Note 1.

However, the Sentencing Commission "never harmonized its policy statements with the FSA." *Rodriguez*, 424 F. Supp. 3d at 680 (quoting *United States v. Brown*, 411 F. Supp.

3d 446, 449 (S.D. Iowa 2019)). "Rather, the outdated policy statements still assume compassionate release 'may be granted only upon motion by the Director of the Bureau of Prisons.'" *Brown*, 411 F. Supp. 3d at 449 (quoting U.S.S.G. § 1B1.13 Application Note 1). Because this is no longer the law with the FSA, which allows defendants to seek relief directly from the court, this "leaves district courts in a conundrum." *Id*. (explaining that Congress now allows district courts to grant petitions "consistent with the applicable policy statements" from the Sentencing Commission, although the Sentencing Commission "has not made the policy statements for the old regime applicable to the new one").

A growing number of district courts have concluded that, in the absence of applicable policy statements, courts "can determine whether any extraordinary and compelling reasons other than those delineated in [U.S.S.G. § 1B1.13] warrant compassionate release." *Rodriguez*, 411 F. Supp. 3d at 682 (collecting cases). However, other courts have concluded "a judge may not stray beyond the specific instances listed in [U.S.S.G. § 1B1.13]." *Mondaca*, 2020 WL 1029024, at *3 (citations omitted); *see also United States v. Ebbers*, 432 F. Supp. 3d 421, 427 (S.D.N.Y. 2020) (stating U.S.S.G. § 1B1.13's descriptions of extraordinary and compelling reasons "remain current, even if references to the identity of the moving party are not").

The Court need not decide the issue, however, because Hayes suggests one of the specific scenarios set out in the Sentencing Commission's policy statement applies in this case. *Brown*, 411 F. Supp. 3d at 451 (district courts "still must act in harmony with any sentencing policy guidelines that remain applicable and the § 3553(a) factors"). Hayes argues that the threat of contracting COVID-19, in conjunction with an elevated risk of

severe illness due to "heart issues," hypertension, and obesity, constitutes an extraordinary and compelling circumstance necessitating compassionate release under the "medical condition" scenario in subdivision (A) of U.S.S.G. 1B1.13, Application Note 1.[3] Dkt. 52.

As an initial matter, the Court notes that some of Hayes' medical conditions could place her at a higher risk of contracting a severe form of COVID-19. The CDC lists hypertension and obesity as underlying health conditions that can place individuals at an increased risk of severe illness from COVID-19.[4] However, the Government argues, and the Court agrees, that Hayes' vaccination status mitigates her risk of becoming severely ill from COVID-19 to such an extent that the threat of contracting COVID-19 does not present

---

[3] The "medical condition of the defendant" may constitute an extraordinary and compelling reason for release where:

    (A)    Medical Condition of the Defendant.—

    (i)    The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii)    The defendant is—

    (I)    suffering from a serious physical or medical condition,

    (II)    suffering from a serious functional or cognitive impairment, or

    (III)    experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, Application Note 1(A).

[4] *CDC Updates, People with Certain Medical Conditions,* (Updated May 13, 2021) https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

an extraordinary and compelling reason to grant compassionate release in itself. Dkt. 55.

Many courts have found that a vaccinated prisoner's risk of contracting COVID-19 does not rise to the level of an extraordinary and compelling reason, even in the presence of underlying health conditions. *See United States v. Henderson*, No. 14-cr-00307-BAS-1, Dkt. No.74 (S.D. Cal. Jan. 27, 2021) (defendant with asthma and obesity failed to show "extraordinary and compelling reasons" where vaccination "largely dissipated" her chances of COVID-19 reinfection or relapse); *United States v. Ballenger*, 2021 WL 308814, at *5 (W.D. Wash. Jan. 29, 2021) ("[B]ecause [defendant] has already been infected and vaccinated, his chronic medical conditions alone do not amount to an extraordinary and compelling reason to warrant compassionate release."); *United States v. Grummer*, 2021 WL 568782, at *2 (S.D. Cal. Feb. 16, 2021) ("Although Defendant suffers from several chronic medical conditions, his [Pfizer COVID-19] vaccination significantly mitigates the risk that he will contract COVID-19," and therefore his medical conditions did not rise to the level of "extraordinary and compelling reasons").

Additionally, there is no evidence to suggest that Hayes would be at less risk to contract the virus if she were released. Multiple courts have denied compassionate release to prisoners, even those with high-risk medical conditions, because many of them would likely be less-exposed to the pandemic by remaining at the prison. *See United States v. Singui*, 2020 WL 2523114, at *4 (C.D. Cal. May 12, 2020) (denying compassionate release to inmate with diabetes, high blood pressure, and high cholesterol; observing that "there is little evidence that [the defendant] is presently at greater risk of contracting the virus at MDC than in the general population: MDC has no current reported infections, inmates at

MDC are housed in separate units, and the staff at MDC has undertaken a variety of interventions [] to prevent the virus from reaching and spreading within the prison"); *United States v. Hembry*, 2020 WL 1821930, at *2 (N.D. Cal. Apr. 10, 2020) (denying motion for inmate with diabetes based on COVID-19 risks where, *inter alia*, the incarcerated movant was "housed at a facility with no reported infections"). Indeed, as of June 7, 2021, FCI Dublin has reported only one active case among inmates and only three active cases among staff.[5]

Moreover, the Government argues that the 18 U.S.C. § 3553(a) factors weigh against Hayes' release.[6] Dkt. 55. The Court agrees. Hayes has failed to demonstrate how release, less than half of the way into a sentence for a serious drug distribution crime, reflects the seriousness of the offense, promotes respect for the law, and provides just

---

[5] Federal Bureau of Prisons, COVID-19 Information, available at https://www.bop.gov/coronavirus/ (last accessed June 7, 2021).

[6] Factors To Be Considered in Imposing a Sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—[. . .]

>   (2) the need for the sentence imposed—
>
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>   (B) to afford adequate deterrence to criminal conduct;
>
>   (C) to protect the public from further crimes of the defendant; and
>
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a).

punishment for the offense. *Id.*

In sum, the Court finds that Hayes has exhausted her administrative remedies. However, Hayes has failed to demonstrate an "extraordinary and compelling reason" for her release, and has failed to show that such a reduction in her sentence is consistent with the goals of the 18 U.S.C. § 3553(a) sentencing factors. Weighing all relevant factors, the Court cannot depart from its prior sentence and release Hayes at this time. Accordingly, the Court must DENY Hayes' motion.

## V. ORDER

The Court HEREBY ORDERS:

1. Hayes' Motion for Compassionate Release (Dkt. 183) is DENIED.

DATED: June 21, 2021

David C. Nye
Chief U.S. District Court Judge